UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joei Alexander Jordan,

        Petitioner,        Case No. 21-11680

                              Honorable Judith E. Levy
v.                             United States District Judge

Mike Brown,

                             Mag. Judge Anthony P. Patti

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY THE CASE AND HOLD HABEAS PETITION IN <u>ABEYANCE [14]</u>**

On July 19, 2021, Petitioner Joei Alexander Jordan, who is in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On December 13, 2021, with leave of the Court, he filed a supplemental brief. (ECF No. 5.)

On or about March 20, 2024, Petitioner filed a motion to stay the case and hold the petition in abeyance so that he can return to the state courts and while he petitions the Michigan Supreme Court to extend the holdings of *Miller v. Alabama*, 567 U.S. 460 (2012) and *People v. Parks*,

510 Mich. 225 (Mich. 2022) to 20-year-olds. (ECF No. 14.) For the reasons set forth below, the motion to stay is denied.

## I. Background

Petitioner plead guilty to first-degree home invasion and second-degree home invasion. (ECF No. 5, PageID.17.) A jury then convicted the Petitioner of first-degree felony murder, first-degree home invasion, and conspiracy to commit first-degree home invasion. (*Id.*) Petitioner was sentenced to life for first-degree felony murder; 95 months to 20 years for the first-degree home invasion and conspiracy to commit first-degree home invasion counts; and 15 years for second-degree home invasion, all to run concurrent to each other. (*Id.*) The Michigan Court of Appeals affirmed his conviction on appeal. *People v. Jordan*, 2016 WL 5930006 (Mich. Ct. App. Oct. 11, 2016), *leave denied* 501 Mich. 860 (Mich. 2017).

Petitioner sought a writ of habeas corpus on the following grounds: (1) his "due process rights were violated by submission of the felony murder charge against him to the jury, when no rational factfinder could have found the elements of the charge beyond a reasonable doubt," and (2) "the confusing jury instructions and the lower court's failure to instruct the jury that the Defendant had to have known his co-defendant

carried a weapon into the home invaded and had specific intent violated petitioner's due process rights." (ECF No. 5, PageID.14.)

Petitioner has now filed this motion to stay the case and hold his petition in abeyance so that he can return to the state courts and raise a claim that has yet to be exhausted with the state courts and which was not included in the current petition and supplemental brief. (ECF No. 14, PageID.1365.) Petitioner argues that his life without parole sentence as a 20-year-old violated his Eighth Amendment rights. (ECF No. 14, PageID.1366.)

## II. Discussion

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). The Court finds a stay is not inappropriate here. There is a pending Michigan Supreme Court case that raises the same claim that Petitioner wishes to add to his current petition. (Case No. 166428.) Since Petitioner filed this motion to stay, the Michigan Supreme Court ordered briefing on "whether this Court's holding in *People v Parks* . . . should be extended to defendants who are 20 years of age at the time they commit a crime and are sentenced to mandatory life without parole."

*People v. Taylor*, 12 N.W.3d 444 (Mich. 2024). Oral argument was held on January 22, 2025. Since *Taylor* raises the same issue and will likely be decided before Petitioner returns to state court, it is unnecessary to stay the case. Depending on the outcome of *Taylor*, Petitioner may have additional remedies in state court to consider.

### III. Conclusion

For the reasons set forth above, the court DENIES Petitioner's motion to stay the proceedings and hold the petition in abeyance.

IT IS SO ORDERED.

Dated: February 19, 2025          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 19, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager